W. PATRICK DONLIN, District Attorney, Price County
You ask my opinion concerning whether a vacancy can be filled for candidate for the office of clerk of courts under a somewhat peculiar set of circumstances.
After the September primary, and after the usual canvass, the winning candidate for this office filed a written declination in accordance with sec. 8.35 (1), Stats. Thereafter, a vacancy existed relative to this nomination unless and until the name of another candidate could be duly certified for the November ballot.
Section 8.35 (2), Stats., provides that, if a vacancy occurs after nomination due to declination, death or any other cause, the vacancy may be filled by the proper political party or committee for all partisan offices. Section 7.38 (3) (a), Stats., similarly provides that, whenever a vacancy occurs after a primary due to declination, death or any other cause, the vacancy may be filled by the nominee's party committee. This subsection furthers *Page 395 
provides that the committee's chairman and secretary shall file with the proper official a certificate containing certain information set forth therein.
The present problem arises because of apparent conflict or inconsistency in two statutes. First, sec. 7.38 (3) (b), Stats., provides that the certificate to which reference is made above shall be filed within four days of the date of the vacancy. However, sec. 8.17 (5) (b), Stats., provides that county statutory committee of each political party shall not meet until at least five days after the September primary canvass and that the committee chairman shall call the first meeting of the county committee within two days after the canvass by giving at least five days written notice to each member.
If the winning candidate files his or her declination immediately after the completion of the canvass, the vacancy thereby created technically must be filled within four days under sec. 7.38 (3) (b), Stats. However, sec. 8.17 (5) (b), Stats., apparently has the effect of barring the county committee's meeting until at least five days after the completion of the canvass. The facts which you have presented fall precisely within this seemingly irreconcilable position.
However, it is my opinion that, when a vacancy occurs less than five days after the canvass, the four-day requirement under sec.7.38 (3), Stats., logically must be waived so that the county committee is permitted to exercise its right to appoint a successor to the winning candidate who filed the declination. It appears that the legislature did not anticipate that these circumstances would arise when it established these seemingly contradictory time limitations.
The only other interpretation that has any merit whatsoever is that the statutory committee might be impliedly required to schedule a special meeting separate from that anticipated by sec.8.17 (5) (b), Stats. It is my opinion, however, that such an interpretation would impose upon the statutory committee an obligation not set forth within the statutes and an obligation in direct conflict with the singular meeting and notice requirements of sec. 8.17 (5), Stats. *Page 396 
Moreover, our election laws are designed to give effect to the will of electors. Section 5.01 (1), Stats. It is obvious that a write-in campaign could be conducted by the political party in question by county committee's openly endorsing a particular candidate. However, unless an error has been made which more clearly would preclude inclusion of a candidate's name on the November ballot, the law favors the giving of a choice to the electors so that their will can be ascertained.
Therefore, it is my opinion that the statutory county committee was entitled to name a successor to the candidate who filed the written declination under the peculiar circumstances recited above.
RWW:DPJ